IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY LACY, JR.,

                      Plaintiff,

   v.                                               OPINION and ORDER

JOHN DOE,                                        20-cv-868-jdp

                      Defendant.

---

This case was severed from Case no. 20-cv-473-jdp under Federal Rule of Civil Procedure 20. Pro se plaintiff and prisoner Johnny Lacy, Jr. alleges that staff at Wisconsin Secure Program Facility removed him from a cell that included a grab bar and an intercom above the bed, which he needs because he is confined to a wheelchair. The case is before the court for screening under 28 U.S.C. § 1915(e)(2) and § 1915A. Although Lacy is subject to the restrictions in 28 U.S.C. § 1915(g), I concluded in a previous order that that Lacy could proceed without prepaying the filing fee because he is alleging that he is in imminent danger of serious physical injury.

Lacy doesn't clearly identify any legal theories in his complaint, but I understand him to be contending that prison staff violated his rights under the Eighth Amendment and the Rehabilitation Act.[1] I conclude that Lacy has stated a claim under the Rehabilitation Act.

---

[1] Lacy refers to the "ADA" in his complaint, which presumably means the Americans with Disabilities Act. But the Rehabilitation Act provides the same relief as the ADA, and the ADA raises questions about sovereign immunity that the Rehabilitation Act doesn't, so the Court of Appeals for the Seventh Circuit has suggested that district courts rely on the Rehabilitation Act rather than the ADA in prisoner cases involving an alleged failure to accommodate a disability. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012). *See also Kidd v. Foster*, No. 18-cv-831-jdp, 2020 WL 4435194, at *1 (W.D. Wis. Aug. 3, 2020) (substituting Rehabilitation Act claim for ADA claim).

Although Lacy doesn't identify a defendant, a claim under the Rehabilitation Act is against the Wisconsin Department of Corrections, so the court may amend the caption to add the department as a defendant. But if Lacy wants to pursue a claim under the Eighth Amendment, he will have to amend his complaint to identify which prison staff member or members are responsible for failing to accommodate him and why he believes they can be held liable.

ANALYSIS

Lacy's claim under Rehabilitation Act requires him to show three things: (1) he is disabled; (2) the defendant denied him access to a program, service, or activity because of his disability; and (3) he is otherwise qualified for the program, service, or activity. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Lacy has stated a claim under that standard.

As for the first element, Lacy says that he is confined to a wheelchair because one of his feet was amputated. As for the second element, it is reasonable to infer that the intercom and toilet are a service, program, or activity provided by the prison and that Lacy has been denied access to those services because he is unable to use them safely without an accommodation. *See Jaros*, 684 F.3d at 672 (meals and showers are a program or activity). A refusal to provide a reasonable accommodation qualifies as a denial of access. *Id.* As for the third element, it is reasonable to infer that all prisoners are provided access to a toilet and an intercom. So I will allow Lacy to proceed on a claim against the Wisconsin Department of Corrections under the Rehabilitation Act. *Id.* at 670 n.2 (state agency is proper defendant under the Rehabilitation Act).

Lacy's claim under the Eighth Amendment also requires him to show three things: (1) he is being denied the minimal civilized measure of a basic necessity or is being subjected

to a substantial risk of serious harm; (2) the defendant is aware of the deprivation or risk; and (3) the defendant is consciously refusing to take reasonable steps to help Lacy. *See Jaros*, 684 F.3d at 671; *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007).

Lacy has adequately alleged the first element because he says that he can't safely use the toilet or the intercom in the cell that he is in. But Lacy hasn't satisfied the other two elements because he doesn't clearly identify who he believes is responsible for the failure to accommodate him. The Wisconsin Department of Corrections can't be sued for constitutional violations. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Instead, Lacy must include individuals in the caption of his complaint who were "personally involved" in the alleged constitutional violation, which means that he or she caused or participated in the violation. *See Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). So I will dismiss this claim without prejudice but give Lacy an opportunity to file an amended complaint that identifies who he believes was personally involved in depriving him of accommodations and explains why he believes that person or persons can be held liable under the Eighth Amendment.

ORDER

IT IS ORDERED that:

1. Johnny Lacy, Jr. is GRANTED leave to proceed on a claim that the Wisconsin Department of Corrections violated his rights under the Rehabilitation Act by failing to include accommodations for his disability in his cell.

2. The clerk of court is directed to add the Wisconsin Department of Corrections as a defendant in this case.

3. Lacy's Eighth Amendment claim is DISMISSED without prejudice. Lacy may have until October 7, 2020, to file an amended complaint that identifies who he believes was personally involved in depriving him of accommodations and explains why he

believes that person or persons can be held liable under the Eighth Amendment. If Lacy doesn't respond by that date, I will dismiss the Eighth Amendment claim with prejudice.

4. This court has an informal service agreement with the Wisconsin Department of Justice regarding service on the Wisconsin Department of Corrections and its employees. The court will wait to ask DOJ whether it will accept service until the court determines whether Lacy is proceeding on his Eighth Amendment claim.

Entered September 16, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge