IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY LACY, JR.,

          Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
HEIDI BROWN, WILLIAM BROWN,
PETER JAEGER, MARK KARTMAN,
JUDY PAYNE, and STAN POTRATZ

          Defendants.

OPINION and ORDER

20-cv-836-jdp

---

Pro se plaintiff and prisoner Johnny Lacy, Jr. is a prisoner who is confined to a wheelchair. In this case, he alleges that the Wisconsin Department of Corrections and several prison employees failed to make modifications to his cell that would accommodate someone in his situation. Lacy has filed six motions:

- a motion for reconsideration of the screening order, Dkt. 13;
- *three* motions for assistance in recruiting counsel, Dkt. 12, Dkt. 24, and Dkt. 26;
- a document he calls "cruel and unusual punishment retaliation mental anguish torture with deliberate indifference," Dkt. 25;
- a document he calls "retaliation–harassment," Dkt. 32.

For the reasons explained below, I will deny each of Lacy's motions.

ANALYSIS

A. Motion for reconsideration

Most of this motion is devoted to Lacy's argument that the court should have allowed him to proceed under the Americans with Disabilities Act, in addition to the Rehabilitation Act. But the screening order explains my reasoning for focusing on the Rehabilitation Act:

> [T]he Rehabilitation Act provides the same relief as the ADA, and the ADA raises questions about sovereign immunity that the Rehabilitation Act doesn't, so the Court of Appeals for the Seventh Circuit has suggested that district courts rely on the Rehabilitation Act rather than the ADA in prisoner cases involving an alleged failure to accommodate a disability. *See Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671–72 (7th Cir. 2012). *See also Kidd v. Foster*, No. 18-cv-831-jdp, 2020 WL 4435194, at *1 (W.D. Wis. Aug. 3, 2020) (substituting Rehabilitation Act claim for ADA claim).

Dkt. 3, at 1 n.1.

Lacy doesn't acknowledge this reasoning in his motion, and he doesn't identify any way in which he is prejudiced by proceeding under the Rehabilitation Act instead of the ADA. The requirements and remedies are the same under both statutes, so including an ADA claim adds nothing but unnecessary complexity to the case. So I will deny Lacy's motion for reconsideration. In the unlikely event that any defendant raises a defense that applies to the Rehabilitation Act and not the ADA, I will consider then whether Lacy may raise a separate claim under the ADA.

At the end of his motion for reconsideration, Lacy raises an unrelated issue, alleging that defendants William Brown and Judy Payne "retaliated" against him by dismissing a grievance he filed about prison staff "affect[ing] [his] breathing" by placing dirty laundry outside his cell. Dkt. 13, at 5–6. Lacy doesn't explain why he includes these allegations in his motion. The allegations aren't part of this lawsuit, and they have no apparent relationship to

2

Lacy's claims. In any event, mishandling a grievance generally isn't a basis for a federal claim. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). If Lacy believes that the way prison staff handles laundry violates his rights, he will have to raise that issue in a separate lawsuit.

**B. Assistance in recruiting counsel**

A party who wants assistance from the court in recruiting counsel must show three things: (1) he doesn't have the means to pay a lawyer, 28 U.S.C. § 1915(e)(1); (2) he made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).

Lacy has already asked for assistance in recruiting counsel once. I denied that request as premature because Lacy hadn't shown that he made reasonable efforts to find counsel on his own and because I hadn't yet decided whether Lacy has exhausted his administrative remedies, which is a threshold determination that rarely requires the assistance of counsel. Lacy said that he suffered from multiple medical problems, but he didn't explain how any of them prevented him from litigating the case without a lawyer. Dkt. 3.

Lacy has filed three more requests for assistance in recruiting counsel, but none of these requests point to new facts that require a different result. As an initial matter, he still hasn't shown that he made reasonable efforts to find a lawyer on his own. When I denied his previous request for counsel, I explained what he must do:

> In this court, a party may satisfy [the] requirement [to show reasonable efforts] with evidence that at least three lawyers in the relevant practice area refused the party's request to represent him. That evidence may include rejection letters from the lawyers or a declaration or affidavit from the plaintiff in which he identifies the lawyers he asked, the date he made his request, and the way in which each lawyer responded.

3

*Id.* at 3. Lacy named three lawyers in his first motion, but he didn't submit rejection letters from any of the lawyers, copies of the letters he sent them, or a declaration confirming that he sent the letters and identifying when he sent them. Lacy hasn't complied with this requirement in any of his new motions either.

In one of the motions, Lacy names a lawyer who he says has expressed interest in the case and has asked Lacy to ask the court to appoint him to the case. But that is not how appointment of counsel works. If a lawyer wishes to represent Lacy, he doesn't need court permission to do so. And if the lawyer wants to be included on the list of pro bono lawyers who take cases from this court, that lawyer should contact the court directly.

Even if I assume that Lacy made reasonable efforts to find a lawyer on his own, I am not persuaded that the case is too complex for Lacy to handle on his own at this time. He lists many reasons why he wants the court to appoint a lawyer for him, but none of them are persuasive.

First, Lacy again describes some of his medical conditions, but, again, he doesn't explain how any of them prevent him from litigating the case without a lawyer. He makes a conclusory assertion that he is taking medication that impairs his memory, but he provides no evidence of this or even identifies what the medication is. In any event, Lacy hasn't missed any deadlines, and I see no examples in the record of any impairment in his memory.

Second, he says that a lawyer would be able to better explain why he should be permitted to proceed under the ADA. But a lawyer wouldn't make any difference on that issue. As I have explained, the ADA and the Rehabilitation Act are substantively identical, so Lacy loses nothing by proceeding under the Rehabilitation Act. I would not appoint a lawyer to represent Lacy on an issue that has no consequence.

Third, Lacy lists some of the reasons why many pro se prisoners want a lawyer to represent them, including that he believes the case is complex, his access to the law library is limited, and there will likely be conflicting testimony in the case. These vague assertions aren't enough to show that Lacy needs the assistance of counsel. Lacy hasn't shown that any of these limitations have prevented him from litigating this case so far. And it is too early to tell whether the case is too complicated for a pro se litigant in Lacy's situation. It isn't clear what issues the defendants might raise on summary judgment, or whether expertise will be needed. I will not recruit counsel based on speculation about how the case *might* proceed.

Fourth, and finally, Lacy says that defendant Mark Kartman is refusing to allow him to meet with other prisoners who could help him with the case. *See* Dkt. 26, at 2. But Lacy provides few details about his requests. He didn't submit any documentary evidence of his requests, he doesn't clearly explain how the other prisoners could help him, and he doesn't identify the reasons prison staff gave him for denying his requests. In any event, Lacy hasn't shown that he needs the assistance of the other prisoners. So far, Lacy has had no difficulty acting as his own advocate. If later developments in the case show that Lacy needs assistance, he may renew his motion then.

## C.  Allegations of retaliation and harassment.

Lacy has filed two documents in which he complains about various issues, most of which have no direct relationship to this case. In Dkt. 25, Lacy raises multiple issues. First, he says that "defendants" won't let him contact a disability rights organization to obtain assistance in obtaining the cell accommodations he is requesting. Dkt. 25, at 1. But Lacy doesn't identify any specific individuals who have interfered with his mail or explain how or why they are interfering. In any event, this issue is outside the scope of the issues in this case. If Lacy wants

5

to bring a First Amendment claim about interference with his mail, that belongs in a separate lawsuit.

Second, Lacy asks the court to order defendants to install accommodations for his disability. But Lacy will have to *prove* that defendants violated his rights in a motion for summary judgment or at trial before the court can order relief. This request is premature.

Third, Lacy says that "they" have violated his federal rights by deducting various debts he owes from a stimulus check he received from the federal government. This is another issue that is outside the scope of this lawsuit. If Lacy believes that prison staff are unlawfully deducting funds from his account, he will have to raise that issue in a separate case.

In Dkt. 32, Lacy complains about the unsanitary conditions of a cell he was placed in after violating a prison rule, restrictions on his medication as a result of his hoarding, and limitations on use of the law library. The first two issues have nothing to do with this case. Lacy cannot use this lawsuit as a vehicle to complain about everything at the prison that displeases him. Although he uses the word "retaliation," he doesn't provide any evidence of that, and he doesn't identify a connection between the alleged conduct and the defendants.

As for the restrictions on his law library usage, he doesn't explain why he needs more time than he is allowed. So I am not persuaded that Lacy is entitled to any relief from the court at this time.

ORDER

IT IS ORDERED that all of Lacy's pending motions, Dkts. 12, 13, 24, 25, 26, and 32 are DENIED.

Entered March 5, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge