IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY LACY, JR.,

        Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS,
HEIDI BROWN, WILLIAM BROWN,
PETER JAEGER, MARK KARTMAN,
JUDY PAYNE, and STAN POTRATZ,

        Defendants.

OPINION and ORDER

20-cv-836-jdp

---

In 2018, prisoner Johnny Lacy, Jr.'s left leg was amputated below the knee, so he now uses a wheelchair to move around. He contends in this lawsuit that the Wisconsin Department of Corrections and several officials at Wisconsin Secure Program Facility have placed him a cell that doesn't adequately accommodate his disability, and he is proceeding on claims under the Rehabilitation Act and the Eighth Amendment to the United States Constitution.

Defendants move for summary judgment on all of Lacy's claims. I will grant the motion because Lacy hasn't adduced evidence that defendants failed to provide him with a reasonable accommodation under the Rehabilitation Act or disregarded his health or safety in violation of the Eighth Amendment.

ANALYSIS

A. Overview of the claims and legal standards

All of Lacy's claims relate to the design of the cells for mobility-impaired prisoners in WSPF's Alpha unit, which is for prisoners in disciplinary segregation. Neither side explains where Lacy is housed now or exactly how cells for disabled prisoners in general population are

different. But it's undisputed that Lacy "has gone back and forth between the Alpha unit and general population" since at least 2019. Dkt. 47, ¶ 29. So I am satisfied that Lacy's request for injunctive relief isn't moot, regardless of where Lacy is housed now or whether there are significant differences between the design of cells in the Alpha unit and other units. Even if Lacy isn't housed in the Alpha unit now, there is a reasonable likelihood that he will return in the foreseeable future. *See Aslin v. Financial Industry Regulatory Authority, Inc.*, 704 F.3d 475, 479–80 (7th Cir. 2013) (claim not moot if "there is a reasonable expectation that the same complaining party would be subjected to the same action again" (internal quotations and alterations omitted)).

Lacy's challenges three aspects of his cell design. First, he says that the grab bars for using the toilet aren't sufficient. Second, he says that the cell floor near the shower is too slippery. Third, he says that the intercom for contacting prison staff isn't placed above his bed.

Lacy's claims arise under the Rehabilitation Act and the Eighth Amendment. The Rehabilitation Act claim is against the Department of Correction, and it requires Lacy to show four things: (1) the department accepts federal funding; (2) he is disabled; (3) the defendant denied him access to a program, service, or activity because of his disability; and (4) he is otherwise qualified for the program, service, or activity. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). A refusal to provide a reasonable accommodation qualifies as a denial of access. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). In determining whether an accommodation is reasonable in the prison context, the court must consider how effective the accommodation is, the safety and security concerns of the accommodation, its cost, and the administrative burden it would impose. *See Oconomowoc Residential Programs v. City of Milwaukee,*

300 F.3d 775, 784 (7th Cir. 2002); *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 561 (7th Cir. 1996).

Lacy's claims under the Eighth Amendment are against the individual defendants, who Lacy says were involved in placing him in the cell or refusing his requests for accommodations. The Eighth Amendment requires Lacy to show three things: (1) he is being denied the minimal civilized measure of a basic necessity or is being subjected to a substantial risk of serious harm; (2) the defendant is aware of the deprivation or risk; and (3) the defendant is consciously refusing to take reasonable steps to help Lacy. *See Jaros*, 684 F.3d at 671; *Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007).

For the purpose of their motion for summary judgment, defendants accept that the department receives federal funding, that Lacy is disabled, that the toilet, shower, and intercom are programs, services, or activities within the meaning of the Rehabilitation Act, and that all the individual defendants were personally involved in denying Lacy's accommodation requests. But defendants contend that they are entitled to summary judgment under both the Rehabilitation Act and the Eighth Amendment because they provided Lacy with reasonable accommodations and otherwise acted reasonably. Defendants also contend that the individual defendants are entitled to qualified immunity, which applies to claims for money damages when the law isn't clearly established. *Campbell v. Kallas*, 936 F.3d 536, 545 (7th Cir. 2019). I conclude that Lacy hasn't adduced evidence to show that defendants denied him a reasonable accommodation or consciously refused to take reasonable steps to help him, so I need not consider the qualified immunity defense.

**B.  Grab bar**

Lacy's cell contains its own toilet. Because the cell is designed for a disabled prisoner, it includes one grab bar along the wall next to the toilet and one grab bar along the wall behind the toilet. Lacy contends that there should be a third bar next to the other side of the toilet.

A photograph of a representative cell is shown below:



Dkt. 51-1, at 21.

I will consider Lacy's claim under the Rehabilitation Act first. It's undisputed that the grab bars in the cell comply with the most recent accessibility standards for public buildings. Those standards, which are published by the U.S. Department of Justice in accordance with 28 U.S.C. § 35.151, state that "[g]rab bars shall be provided on the side wall closest to the water closet and on the rear wall." Department of Justice, 2010 ADA Standards for Accessible Design, Dkt. 49-1, at 14.[1] The standards don't require grab bars on both sides of the toilet.

---

[1] On their face, the standards state that they are meant to implement the American with Disabilities Act, but the ADA and the Rehabilitation Act impose the same requirements for accommodating individuals with a disability. *Jaros*, 684 F.3d at 672. For this reason, I rely on case law under both the ADA and the Rehabilitation Act to determine whether Lacy received

4

Lacy doesn't identify any federal standards that would require the department to install another grab bar, but he says that he was previously housed in a cell that included bars on both sides of the toilet. Defendants admit this, but they say that they removed the additional bar from that cell because it created a suicide risk. Specifically, the "extra grab bar was fully exposed on the left side of the toilet which could allow an inmate to loop a bed sheet, a piece of clothing, or another article around the bar and create a noose, enabling the inmate to hang himself." Dkt. 47, ¶ 50. The bar on the other side of the toilet is different because "[t]here is a piece of wood below the grab bar that acts as a protrusion and prevents an inmate from looping anything around the bar." *Id.*, ¶ 51.

The decision to remove the additional grab bar is supported by the federal accessibility standards, which recognize suicide prevention as an appropriate reason for declining to install a grab bar. *See* Dkt. 49-1, at 14. The decision is also consistent with *Banks v. Patton*, 743 F. App'x 690, 697 (7th Cir. 2018), in which the court concluded that it was reasonable for a jail to deny a request for grab bars in light of the risk that detainees would use them to commit suicide.

Lacy doesn't deny that the bar creates a suicide risk. Instead, he alleges that defendant Mark Kartman (the security director) is lying when he says that the additional grab bar had been installed without his approval. Dkt. 55, at 3. Lacy's allegations are speculative, but even if they are true, it's irrelevant whether Kartman did or didn't approve the additional bar. All that matters is whether the department was justified in later *removing* the bar. I conclude that

---

a reasonable accommodation.

it was, in accordance with the federal accessibility standards and *Banks*. Under those authorities, Lacy's request to install a third grab bar again wasn't a reasonable accommodation.

This wouldn't excuse the department from providing another accommodation if Lacy needed one. But it's not clear that he did. Lacy doesn't explain why the two grab bars already present weren't sufficient to allow him to stand, position himself appropriately, and then sit down on the toilet. Instead, he says in an unsworn document that he "cut his leg trying to transfer from his wheelchair by using the sink and the wall railing." Dkt. 55, at 2. But Lacy doesn't explain why it was necessary for him to use the sink or how he cut his leg. Without that additional information, it's impossible for the court to determine whether an additional accommodation is needed or whether Lacy could avoid future injuries by using greater care or making other adjustments. *See Wagoner*, 778 F.3d at 592–93 ("inconvenience[]" not enough to show need for accommodation). In fact, it's undisputed that Lacy told prison staff in September 2021 that "he does fine with what he has" with respect to using the toilet. Dkt. 47, ¶ 70. In any event, it's the plaintiff's burden to prove that he needed additional accommodations, *see Mobley v. Allstate Ins. Co.*, 531 F.3d 539, 547 (7th Cir. 2008), and Lacy has failed to meet that burden.

Even if I assume that Lacy needed an additional accommodation, he hasn't shown that the accommodations defendants provided weren't reasonable. The department offered Lacy two accommodations in lieu of another grab bar: (1) a toilet riser, which is a seat with arms that is placed on top of the toilet for added height and stability with the arms; and (2) a commode, which is a chair that fits over the toilet and has arms on both sides.

Lacy says nothing about the toilet riser in his summary judgment materials. According to staff progress notes, Lacy reported that the riser was "not usable." Dkt. 48-1, at 3. But the

6

notes don't say why, and Lacy doesn't provide the missing information. Again, it's Lacy burden to show that the accommodations the department provided weren't reasonable. He hasn't done that, so the Rehabilitation Act claim fails on that ground.

As for the commode, Lacy says that "it didn't work because the hole is too small to accommodate both the groin area and the anus at the same time." Dkt. 58, ¶ 3. But Lacy doesn't say that he ever informed prison staff about his objections to the commode. An individual with disability is required to engage in an "interactive process" with the defendant to identify a reasonable accommodation. *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1178–79 (7th Cir. 2013). Among other things, this means that Lacy was required to communicate his concerns to the department if he believed that an accommodation wasn't reasonable. The department cannot correct a problem that it isn't aware of. If Lacy believes that a different commode would be helpful, he is free to request one now, but he can't show at this point that any failure to provide a different accommodation violated the Rehabilitation Act. The court will dismiss this claim.

Lacy's Eighth Amendment claim fails for similar reasons. Specifically, Lacy hasn't adduced evidence that he needs additional accommodations to use the toilet, so no reasonable jury could find that he was deprived of the minimal civilized measure of a basic necessity. *See Jaros,* 684 F.3d at 670–71 (evidence that the plaintiff's "use of the toilets and showers . . . was made more difficult by the absence of grab bars" not enough for Eighth Amendment violation). And he hasn't adduced evidence that any of the individual defendants knew that he needed more accommodations than he received, so no reasonable jury could find that defendants consciously refused to accommodate him. *See Tesch v. Cty. of Green Lake*, 157 F.3d 465, 476 (7th Cir. 1998) (jail staff couldn't be held liable under the Constitution for failing to

accommodate disabled prisoner when "he did not raise these problems to the attention of his jailers"). The court will dismiss this claim as well.

## C. Slippery floor

Lacy's cell also includes a shower. In an unsworn document, Lacy alleges that "he fell a minimum of (6) times while taking a shower" because the floor is too slippery. Dkt. 55, at 2. In his brief, Lacy says that "defendants have fixed the shower" by "putting down an epoxy" on the floor after he filed this case, so he seems to be conceding that his request for injunctive relief on this claim is moot. *See* Dkt. 56, at 10. But he says that defendants' remedial measures are proof that they were violating his rights before.

Lacy's claims under both the Rehabilitation Act and the Eighth Amendment fail. Even if I assume that the Lacy needed an accommodation for the shower floor, defendants provided one in the form of a shower chair soon after he complained about the slippery floor. *See* Dkt. 47, ¶ 66. Lacy's preferred accommodation was for defendants to treat the floor to make it less slippery, but it's well established that a plaintiff isn't entitled to the accommodation of his choice. *See Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 682–83 (7th Cir. 2014). The chair would have given Lacy a safe alternative to standing on a slippery floor, and Lacy doesn't explain why a chair wasn't a reasonable accommodation.

Defendants' later decision to treat the floor as Lacy requested doesn't support Lacy's claim. As an initial matter, neither a court nor a jury may consider improvements that the defendant made as evidence of the defendant's wrongdoing. *See* Fed. R. Evid. 407. But even if I could consider defendants' decision as an implicit concession that the floor was too slippery for Lacy to safely shower while standing, that decision isn't evidence that the shower chair was

8

an unreasonable accommodation for a slippery floor. I will grant summary judgment to defendants on this claim.

**D. Intercom placement**

Lacy's cell includes an intercom that he can use to contact prison staff in case of an emergency. Lacy objects to the placement of the intercom, contending that it should be above his bed rather than on the opposite wall.

Lacy says little about the intercom in his summary judgment materials. His only argument is that the intercom is placed over the bed in some of the prison's other cells for disabled prisoners, so that's where it should be placed in his cell too. But neither the Rehabilitation Act nor the Eighth Amendment require that all disabled prisoners have identical cells. Lacy hasn't adduced any evidence that he is unable to safely reach the intercom or that the placement of the intercom subjects him to a substantial risk of serious harm. I will grant summary judgment to defendants on Lacy's claims about placement of the intercom.

## ORDER

IT IS ORDERED that defendants' motion for summary judgment, Dkt. 45, is GRANTED. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered January 24, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge